# UNITED STATES DISTRICT COURT
for the
Southern District of California

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No.
Hewlett Packard (HP) laptop computer, Model: )
15-af131dx, Serial Number: CND6020M7G )
)

**FILED**
MAR - 9 2017
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## APPLICATION FOR A SEARCH WARRANT        '17 MJ 0715

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ____Southern____ District of ____California____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252 and 2252A | Distribution, receipt, and possession of child pornography |

The application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Soleil Randall, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3/9/17

_____
*Judge's signature*

City and state: San Diego, CA                    Hon. Jan M. Adler, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# APPLICATION FOR A SEARCH WARRANT

I, Soleil Randall, upon being duly sworn do hereby state that the following is true to my knowledge and belief:

1. I am a Special Agent (SA) with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and have been so employed since June 2008. I am a graduate of the Criminal Investigator Training Program (CITP) and the Immigration and Customs Enforcement, Special Agent Training (ICE-SAT) at the Federal Law Enforcement Training Center (FLETC), located in Glynco, Georgia. I am currently assigned to the HSI San Diego Child Exploitation Group, investigating criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252 and 2252A. I have participated in the service of numerous search warrants involving child exploitation and/or child pornography offenses and have observed and reviewed numerous images of child pornography as defined by 18 U.S.C. § 2256 in various forms of media. I am also a member of the San Diego Internet Crimes Against Children (ICAC) task force. The San Diego ICAC includes members of the San Diego Police Department, San Diego County Sheriff's Department, United States Postal Inspection Service, Federal Bureau of Investigation, Naval Criminal Investigative Service, United States Marshal Service, United States Probation Office, San Diego County Probation Department, United States Secret Service, United States Attorney's Office and the San Diego County District Attorney's Office.

2. By virtue of my employment as a SA with HSI, I am authorized to investigate violations of the laws of the United States and I am a law enforcement officer with the authority to execute warrants issued under the authority of the United States. In preparation of this affidavit, I have discussed the facts of this case with other law enforcement agents and officers within HSI and San Diego ICAC.

3. This affidavit is made in support of an application for a warrant to search a Hewlett Packard (HP) laptop computer, Model: 15-af131dx, Serial Number: CND6020M7G (hereinafter "the target computer"), currently located in the evidence vault of the United States District Court, Southern District of California, Probation Office, at 101 West Broadway, Suite 700, San Diego, California, within the Southern District of California, as described in Attachment A, for items which constitute evidence, fruits, and instrumentalities of violations 18 U.S.C. §§ 2252 and 2252A.

4. This affidavit is based upon information I have gained through training and experience, as well as upon information related to me by other individuals, including law enforcement officers. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known concerning this investigation but have set forth only the facts that I believe are necessary to establish probable cause.

5. Based upon the following information, I respectfully submit that there is probable cause to believe that within the location described in Attachment A, there are evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2252 and 2252A, as more particularly described in Attachment B.

## FACTS IN SUPPORT OF PROBABLE CAUSE

6. On May 18, 2012, William Martin ZONDORAK, Jr., was convicted in the United States District Court for the Southern District of California, Case Number 10cr1067-W, of violation of 18 U.S.C. § 2252(a)(4), Possession of Images of Minors Engaged in Sexually Explicit Conduct. He was sentenced to 46 months in custody followed by five years of supervised release. The conditions of ZONDORAK'S supervised release, include the following:

- Not possess any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children and/or adults, as defined by 18 U.S.C. § 2256(2); and not patronize any place where such materials or entertainment are available
- Not use or possess devices which can communicate data via modem or dedicated connection and may not have access to the Internet without prior approval from the court or the probation officer. The offender shall consent to the installation of systems that will enable the probation officer to monitor computer use in any computer owned or controlled by the offender.
- Submit your person, property, house, residence, vehicle, papers, computers, electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct, and otherwise in the lawful discharge of the officer's duties.

7. On December 14, 2016, United States District Court, Southern District of California Senior United States Probation Officer (USPO) Paula Burke received a phone call from a representative at RemoteCom, the company the Probation Office uses to conduct monitoring of computers of offenders who are under Court-ordered supervision after being convicted of offenses involving child

3

pornography. The representative advised USPO Burke that upon reviewing ZONDORAK's computer usage over the last few days, ZONDORAK had been viewing sexually explicit images, including some questionable images of minors.

8. USPO Burke thereafter logged into RemoteCom and reviewed ZONDORAK's computer usage over the past few days. The review indicated ZONDORAK was utilizing the Russian search engine "Yandex," using the search term "lea fap."[1] Review also indicated ZONDORAK was viewing numerous images depicting adults engaged in sexually explicit conduct, and some images of children in an undressed state.

9. USPO Burke notified ZONDORAK'S supervising probation officer, USPO Crystal Tignor. Thereafter, USPO Tignor also logged into RemoteCom to review the suspect images. USPO Tignor observed a large number of images depicting adults engaged in sexually explicit conduct as well as nude images of possible minors.

10. ZONDORAK had previously admitted to USPO Tignor, in November of 2016, that he purchased and viewed adult pornography on pay-per-view. Based upon that admission, as well as the suspicion that ZONDORAK had viewed images of adult sexually explicit conduct on his computer, USPO Tignor submitted a petition to the Court to revoke ZONDORAK's supervised release. Based upon the petition, the Court issued a bench warrant for ZONDORAK's arrest.

11. At approximately 8:30 p.m., on December 14, 2016, Deputy United States Marshals (DUSMs) made contact with and arrested ZONDORAK. USPO Burke responded to the arrest location, and conducted a search of ZONDORAK's

---

[1] Based upon my experience and training, I know that "fap" is sometimes defined as the onomatopoeic representation of masturbation. The term is often used to suggest that something is attractive.

1  vehicle pursuant to the search condition of ZONDORAK's supervised release. In
2  ZONDORAK's vehicle, USPO Burke discovered the target computer.

3  12. The target computer was seized and taken to the Probation Office
4  located at 101 West Broadway, Suite 700, San Diego, California 92101, and
5  booked into evidence pending further forensic review.

6  13. On or about December 19, 2016, USPO Denny Mar used forensic
7  software to conduct a preliminary examination of the target computer. This initial
8  scan uncovered various images of child models, some of which were erotic in
9  nature.

10 14. On or about January 25, 2017, USPO Mar created a forensic image of
11 the computer hard drive using forensic software and appropriate write blockers.

12 15. On or about January 30, 2017, USPO Mar examined the forensic
13 image and discovered several images of suspected child pornography. USPO Mar
14 bookmarked a sample of approximately sixty-nine suspect images. USPO Mar
15 halted the examination of the hard drive and used forensic software to generate a
16 report containing the bookmarked images for law enforcement notification.

17 16. On February 9, 2017, U.S. Probation referred the matter to the HSI
18 Child Exploitation Group.

19 17. On February 10, 2017 and February 24, 2017, I reviewed the forensic
20 report prepared by USPO Mar, containing bookmarked images. One the images
21 bookmarked by USPO Mar depicts child pornography as defined in 18 U.S.C.
22 § 2256(2). A description of that image follows:

| File Title | Description |
|---|---|
| [004441].jpg | The image file depicts a fully nude pubescent female minor in an outdoor setting. The girl is posed in a "crab walking" position with her legs spread apart, displaying her genitalia in a lewd and lascivious manner. The girl's genitalia are the focal point of the image. |

18. In addition, there was another notable image file, described as follows:

| File Title | Description |
|---|---|
| thRDYR8VP.jpg | The image file depicts a fully nude pubescent female minor wearing only a choker style necklace. The girl is sitting on her knees in front of what appears to be a bed. The girl has red writing on her upper chest and down her sternum toward her naval. The girl's genitalia are visible in the image. |

19. As a result of my training and experience in child exploitation and child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, there are certain characteristics common to individuals who view, receive and/or distribute multiple images of child pornography are often individuals who have a sexual interest in children and in images of children, and that there are certain characteristics common to such individuals:

    a. Individuals who have a sexual interest in children or images of children may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media; or from literature describing such activity.

    b. Individuals who have a sexual interest in children or images of children may collect sexually explicit or suggestive materials, in a variety of media, including photographs, digital images, magazines, narratives, motion

pictures, DVDs, CD-ROMs, videotapes, books, slides and/or drawings or other visual media. Individuals who have a sexual interest in children or images of children oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

  c. Individuals who have a sexual interest in children or images of children often maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a computer, email account, Internet-based accounts, or other electronic mobile devices. These collections are often maintained for several years and are kept close by, usually at the collector's residence, vehicle(s) or on his person to enable the individual to view the collection, which is highly valued.

  d. Individuals who have a sexual interest in children or images of children prefer not to be without their child pornography for any prolonged time period. This behavior has been documented by law enforcement officers involved in the investigation of child exploitation cases throughout the world.

  e. Individuals who have a sexual interest in children or in images of children engaged in sexually explicit conduct may solicit such images from those who actively produce child pornography as defined in 18 U.S.C. § 2256.

  20. ZONDORAK exhibits the common characteristics described above of someone who views, receives, and possesses child pornography, as evidenced by the facts in this Affidavit. Specifically, ZONDORAK was previously convicted under 18 U.S.C. § 2252(a)(4) for possessing child pornography, and, as set forth herein, ZONDORAK had at least one image of child pornography on the target computer, along with other images of minors.

7

## PROCEDURES FOR ELECTRONICALLY STORED INFORMATION

21. With the approval of the Court in signing this warrant, agents executing this search warrant will employ the following procedures regarding computers and other electronic storage devices, including electronic storage media that may contain data subject to seizure pursuant to this warrant:

### Seizure and Retention of Instrumentalities

a. Based upon the foregoing, there is probable cause to believe that the electronic storage device encountered during this search is an instrumentality of the enumerated offenses because there is probable cause to believe that it may contain contraband and fruits of crime as provided under Rule 41(c)(2), Fed. R. Crim. P., or was used in committing crime as provided under Rule 41(c)(3), Fed. R. Crim. P. Consequently, the electronic storage device is subject to seizure, retention and possible forfeiture and destruction. If the target ~~memory card~~ COMPUTER is confirmed to contain contraband, constitute fruits of crime, or to have been used to commit a crime, it will not be returned but will be imaged and analyzed as provided beginning at subparagraph (c) below.

b. The imaging and preliminary analysis of the target ~~memory card~~ COMPUTER to confirm its status as an instrumentality will be conducted within forty five (45) days of seizure pursuant to this warrant. If confirmed to be an instrumentality, it will not be returned and will be further analyzed as provided below. If the preliminary analysis, by definition an incomplete or partial analysis, does not confirm that the seized item is an instrumentality, the original item will be returned promptly to its owner, absent an extension of time obtained from the owner or from the court. An image of the item will be retained and subjected to a complete forensic analysis, as provided below.



c. If the target ~~memory card~~ COMPUTER is retained as an instrumentality, it will not be returned to its owner. The owner will be provided the name and address of a responsible official to whom the owner may apply in writing for return of specific data not otherwise subject to seizure for which the owner has a specific need. The identified official or other representative of the seizing agency will reply in writing. In the event that the owner's request is granted, arrangements will be made for a copy of the requested data to be obtained by the owner. If the request is denied, the owner will be directed to Rule 41(g), Fed. R. Crim. P.

### Identification and Extraction of Relevant Data

d. A forensic image is an exact physical copy of the hard drive or other media. After obtaining a forensic image, the data will be analyzed to identify and extract data subject to seizure pursuant to this warrant. Analysis of the data following the creation of the forensic image can be a highly technical process requiring specific expertise, equipment and software. There are literally thousands of different hardware items and software programs, and different versions of the same program, that may be commercially purchased, installed and custom-configured on a user's computer system. Computers are easily customized by their users. Even apparently identical computers in an office environment may be significantly different with respect to configuration, including permissions and access rights, passwords, data storage and security. It is not unusual for a computer forensic examiner to have to obtain specialized hardware or software, and train with it, in order to view and analyze imaged data.

e. It is often difficult or impossible to determine the identity of the person using the digital device when incriminating data has been created, modified, accessed, deleted, printed, copied, uploaded or downloaded solely by reviewing the incriminating data. Computers generate substantial information about data and

about users which generally is not visible to users. Computer-generated data, including registry information, computer logs, user profiles and passwords, web-browsing history, cookies and application and operating system metadata, often provides evidence of who was using the computer at a relevant time. In addition, evidence such as electronic mail, chat sessions, photographs and videos, calendars and address books stored on the computer may identify the user at a particular, relevant time. The manner in which the user has structured and named files, run or accessed particular applications, and created or accessed other, non-incriminating files or documents, may serve to identify a particular user. For example, if an incriminating document is found on the computer but attribution is an issue, other documents or files created around that same time may provide circumstantial evidence of the identity of the user that created the incriminating document.

    f.    Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including the use of hashing tools to identify evidence subject to seizure pursuant to this warrant, and to exclude certain data from analysis, such as a known operating system and application files. The identification and extraction process may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within one-hundred twenty (120) days from the date of seizure pursuant to this warrant, absent further application to this court.

    g.    All forensic analysis of the imaged data will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

## GENUINE RISKS OF DESTRUCTION OF DATA

22. Based upon my experience and training, and the experience and training of other law enforcement agents with whom I have communicated, electronically stored data may be permanently deleted or modified by users possessing basic computer skills. In this case, no genuine risk of destruction of evidence exists as the property to be searched is already in the custody of law enforcement personnel.

## PRIOR ATTEMPTS TO OBTAIN DATA

23. The United States has not attempted to obtain this data by other means except where described above.

## CONCLUSION

25. Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that evidence, fruits, and instrumentalities of such criminal offenses may be located on the target computer described in Attachment A, in violation of 18 U.S.C. §§ 2252 and 2252A. I, therefore, respectfully request that the attached warrant be issued authorizing the search and seizure of the items listed in Attachment B.

_____
Soleil Randall, Special Agent
Homeland Security Investigations

Subscribed and sworn to before me this _____ day of March, 2017.

_____
HONORABLE JAN M. ADLER
United States Magistrate Judge

11

## **ATTACHMENT A**

### PROPERTY TO BE SEARCHED

The property to be searched is described below:

- One Hewlett Packard (HP) laptop computer, Model: 15-af131dx, Serial Number: CND6020M7G,

which is currently located in the evidence vault of United States District Court, Southern District of California, Probation Office, 101 West Broadway, Suite 700, San Diego, California 92101.

## **ATTACHMENT B**

## **ITEMS TO BE SEIZED**

Authorization is sought to search for and seize evidence that relates to the violation of 18 U.S.C. §§ 2252 and 2252A. This authorization includes the search of electronic data to include deleted data, remnant data and slack space. The seizure and search of computer media will be conducted in accordance with the "Procedures For Electronically Stored Information" provided in the affidavit submitted in support of this warrant. Items to be seized include the following:

 a. All documents, including all temporary and permanent electronic files and records, (including, but not limited to, JPG, GIF, TIF, AVI, WAV and MPEG files) which contain, attach, or describe child pornography or visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256.

 b. User-attribution data to include data reflecting who used or controlled the computer or electronic storage device at or around the time that data reflecting criminal activity within the scope of this warrant was created, accessed, deleted, modified, copied, downloaded, uploaded or printed. User-attribution data includes registry information, computer logs, user profiles and passwords, web-browsing history, cookies, electronic mail stored on the computer or device, electronic address books, calendars, instant messaging logs, electronically-stored photographs and video, file structure and user-created documents, including metadata.

 c. If the digital media storage device is found to contain information otherwise called for by this warrant:

  (1) Evidence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software;

  (2) Evidence of the lack of such malicious software; and

(3) Evidence of the attachment of the storage device to any computer or digital device.

d. Information relating to the install date of the operating system, if present, or other programs for distribution of electronic files including for child pornography or visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256.

e. Any and all usernames, email accounts, or online identities that may have been used for the sexual exploitation of minors or for communications with individuals sharing an interest in the sexual exploitation of children.